**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Keith Hedstrom,            ) | Civil Action No. 3:12-03581-MBS |
|                            ) | |
|     Plaintiff,   ) | |
| v.                         ) | |
|                            ) | |
| Bridgestone Americas, Inc., and  ) | **ORDER AND OPINION** |
| Segwick Claims Management  ) | |
| Services, Inc.,            ) | |
|                            ) | |
|     Defendants.  ) | |
|                            ) | |

Plaintiff Keith Hedstrom ("Plaintiff") filed this action against Defendants Bridgestone Americas, Inc. ("BAI") and Segwick Claims Management Services, Inc. ("SCMS") (collectively "Defendants"), alleging state law claims for breach of contract, quantum merit, and intentional infliction of emotional distress/outrage. (ECF No. 1-1.) This matter is before the court on Defendants' motion to dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (the "Rule 12(b)(1) motion"). (ECF No. 5.) Plaintiff opposes Defendants' Rule 12(b)(1) motion. (ECF No. 11.) For the reasons set forth below, the court **GRANTS** Defendants' Rule 12(b)(1) motion and dismisses the complaint without prejudice.

**I.    RELEVANT PROCEDURAL BACKGROUND**

Plaintiff alleges that he injured his back on February 2, 1995, while working as an employee for BAI at its facility in Des Moines, Iowa. (ECF No. 1-1 at 7 ¶ 6.) As a result of his injury, Plaintiff alleges he entered into a "Contested Case Settlement" with BAI before the Iowa Industrial Commissioner on August 28, 1996. (Id. at 11-13.) In the settlement document, the parties agreed among other things that (1) Plaintiff would receive a lump sum settlement of

$250,000.00 and (2) Defendants would provide and continue to provide Plaintiff with appropriate medical care in accordance with Iowa Code § 85.27. (Id. at 11-12.) The parties specified the parameters of Defendants' agreement to continue to provide appropriate medical care in a separate "Contract for Medical Services" (the "CMS"). (See ECF No. 5-2.) Thereafter, Plaintiff alleges that Defendants "stopped paying for his treatment, medical supplies, and required nursing care that was agreed upon in the settlement agreement between the parties." (ECF No. 1-1 at 7 ¶ 8.)

On November 30, 2012, Plaintiff filed a lawsuit in the Sumter County (South Carolina) Court of Common Pleas, alleging state law claims for breach of contract, quantum merit, and intentional infliction of emotional distress/outrage based on Defendants' failure to continue paying for his treatment, medical supplies, and required nursing care. (Id. at 7-9.) On December 19, 2012, Defendants removed the matter to the United States District Court in the District of South Carolina and filed the instant Rule 12(b)(1) motion on December 27, 2012. (ECF Nos. 1, 5.) Plaintiff filed opposition to Defendants' Rule 12(b)(1) motion on January 14, 2013, to which Defendants filed a reply in support of their motion on January 25, 2013. (ECF Nos. 11, 13.)

## II.  LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Fed. R. Civ. P. 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). When evaluating a challenge to jurisdiction under Fed. R. Civ. P. 12(b)(1), the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg &

Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

The district court is a court of limited subject matter jurisdiction. To adjudicate claims brought before it, a district court must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter in question. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). Moreover, parties must exhaust prescribed administrative remedies before the federal courts have jurisdiction over the issues raised. See McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992); Guerra v. Scruggs, 942 F.2d 270, 276 (4th Cir. 1991).

### III.   ANALYSIS

A.   Arguments of the Parties

In their Rule 12(b)(1) motion, Defendants argue that jurisdiction over the matter "lies solely with the Iowa Industrial Commission." (ECF No. 5 at 2.) In support of this argument, Defendants assert that Plaintiff's CMS is controlled by Iowa Code § 85.27 and that statute provides a specific administrative remedy for an employee who is dissatisfied with his medical services. (Id.) Defendants further assert that the remedy provided by Iowa Code § 85.27 "lies solely with the Iowa Industrial Commission" and Plaintiff's complaint fails to establish that he availed himself of this administrative remedy. (Id. at 2-3.) Based on the foregoing, Defendants contend that the complaint should be dismissed and Plaintiff should properly file his action with the Iowa Industrial Commissioner. (Id. at 4.)

Plaintiff opposes Defendants' Rule 12(b)(1) motion, arguing that the Iowa Workers' Compensation Commission did not retain exclusive jurisdiction over his CMS. (ECF No. 11 at 3-4 (citing Watkins v. Jim Walter Homes, Inc., 666 F. Supp. 102, 103 (S.D. Miss. 1987) ("It has

long been recognized that court action may not be resorted to as a means of enforcing workers' compensation remedies where the state whose statute is sought to be enforced has committed the enforcement of its provisions to an administrative board. Conversely, where the workers' compensation law in question provides for its enforcement in the courts of that state, the liability created is enforceable in the courts of another state.") (citations omitted)).) In this regard, Plaintiff asserts that his CMS is enforceable in a court in either Iowa or South Carolina. (Id. at 4.)

In reply, Defendants again specify that the CMS specifically "provides a mechanism pursuant to Iowa Code Section 85.27 for Plaintiff Keith Hedstrom to address any issues he has regarding payments for his medical services." (ECF No. 13 at 2 (citing ECF No. 13-1 at 2 § 3).)

B.    The Court's Review

In this action, Plaintiff seeks damages, arguing that Defendants breached their agreement to pay for future medical services received by Plaintiff as specified in the CMS between the parties. Plaintiff further argues that he is entitled to bring state law claims for violation of the CMS in this court because the CMS provides for adjudication of any disputed issue in a "court of competent jurisdiction." (ECF No. 5-2 at 1 § 2.) Plaintiff's arguments fail because the CMS is governed by Iowa Code § 85.27, which statute establishes prerequisites to bringing an action in a court of competent jurisdiction. (Id. at 2 §§ 3, 4 ("[Plaintiff] Claimant reserves the right to challenge the dollar amount that the Companies [Defendants] determine to be appropriate under Section 85.27 of the Code of Iowa" . . . [and the] "interpretation of this contract will be governed by the laws of the State of Iowa.").) In this regard, § 85.27 provides that an employee who is dissatisfied with the reasonableness of care proffered should petition the Iowa Industrial

4

Commissioner for relief. Iowa Code § 85.27(4). Section 85.27 further provides that claims made are to be adjudicated by the Iowa Industrial Commissioner pursuant to "chapter 17A" of the Iowa Code, otherwise known as the Iowa Administrative Procedure Act. Id.; see Iowa Code §§ 17A.1-17A.34. Under the Iowa Administrative Procedure Act, only persons who have first exhausted all adequate administrative remedies are entitled to judicial review of agency action. Iowa Code § 17A.19(1).

Upon the court's review, Plaintiff has not raised his claim before the Iowa Industrial Commissioner as required by Iowa Code §§ 85.27(4) and 17A.19(1). Therefore, he has not exhausted or pursued the administrative remedies at his disposal. Accordingly, the court lacks authority to entertain the instant action. See, e.g., Kloster v. Hormel Foods Corp., 612 N.W.2d 772, 774-75 (Iowa 2000) (denying district court jurisdiction where a plaintiff has not yet exhausted or pursued all agency remedies first); Harned v. Farmland Foods, Inc., 331 N.W.2d 98, 101 (Iowa 1983) (holding that where a party is dissatisfied with care, the proper forum is the workers' compensation commission); Good v. Tyson Foods, Inc., 756 N.W.2d 42, 45 (Iowa Ct. App. 2008) ("Claims of dissatisfaction with care, including claims of failure to provide requested care, come under workers' compensation law.").

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) is hereby **GRANTED**. (ECF No. 5.) Plaintiff's complaint is dismissed without prejudice.

**IT IS SO ORDERED**.

s/Margaret B. Seymour
MARGARET B. SEYMOUR
SENIOR UNITED STATES DISTRICT JUDGE

June 18, 2013
Columbia, South Carolina